IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TOMMY LEE HIGHTOWER, JR., 1038986,**    ) | |
|            Petitioner,    ) | |
|    ) | |
| v.    ) | No. 3:06-CV-456-N |
|    ) | ECF |
| **NATHANIEL QUARTERMAN, Director**    ) | |
| **Texas Department of Criminal Justice,**    ) | |
| **Correctional Institutions Division**    ) | |
|            Respondent.    ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).  He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**II.  Background**

On April 24, 2001, Petitioner was convicted of murder, enhanced by a prior felony conviction.  *State of Texas v. Tommy Lee Hightower*, No. F-0070536-NH (1st Dist. Ct., Dallas County, Texas, April 24, 2001).  He was sentenced to fifty years imprisonment.  On June 30, 2003, the Eighth District Court of Appeals affirmed the conviction.  *Hightower v. State*, No. 08-

01-00263-CR (Tex. App. – El Paso 2003, pet. ref'd).  On November 5, 2003, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review.  *Hightower v. State*, PDR No. 1395-03.

On February 4, 2005, Petitioner filed a state petition for writ of habeas corpus.  *Ex parte Hightower*, No. 62,959-01.  On March 1, 2006, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On March 7, 2006, Petitioner filed this federal petition for writ of habeas corpus.  He argues:

> (1) he received ineffective assistance of counsel on appeal when his counsel failed to: (a) challenge the legal sufficiency of the evidence; and (b) raise the issue of ineffectiveness of trial counsel;
>
> (2) he received ineffective assistance of trial counsel because his trial counsel failed to:  (a) interview witnesses; and (b) call a potentially critical witness to testify;
>
> (3) the evidence was legally insufficient to support the conviction; and
>
> (4) the trial court erred in: (a) denying his *Batson* challenge; (b) overruling his motion for mistrial; and (c) overruling his objection to photographs.

On July 7, 2006, Respondent filed his answer stating that the petition is time-barred.  Petitioner did not file a response.  The Court now finds the petition is barred by the one-year statute of limitations.

**II.  Discussion**

**(a) Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

On June 30, 2003, the Eighth District Court of Appeals affirmed Petitioner's conviction. On November 5, 2003, the Texas Court of Criminal Appeals denied the petition for discretionary review. The conviction therefore became final ninety days later, on February 3, 2004. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires,

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

regardless of when mandate issues). Petitioner then had one year, or until February 3, 2005, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On February 4, 2005, Petitioner filed a state petition for habeas corpus. This petition was filed after the one-year limitations period expired. It therefore did not toll the limitations period. Petitioner was required to file his federal petition no later than February 3, 2005. He did not file his petition until March 7, 2006. His petition is therefore untimely.

### (b) Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 26th day of March, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -5-

## INSTRUCTIONS FOR SERVICE AND <u>NOTICE OF RIGHT TO OBJECT</u>

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).